■ In the Matter of JAMES C. STRANEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this Court in 1959 and maintains an office for the practice of law in the Town of Colonie in Albany County.

Petitioner, the Committee on Professional Standards, moves to confirm in part and disaffirm in part the report of Honorable Aaron E. Klein, which sustained certain charges of professional misconduct against respondent and failed to sustain other charges. Respondent cross-moves to dismiss the Referee's report or to disaffirm portions of the report.

The petition, in seven charges of professional misconduct, accuses respondent of neglect of client legal matters, failure to respond to client inquiries, improper withdrawal from a litigated matter, and failure to cooperate with petitioner's investigation of inquiries filed against him.

With respect to his client Seror, we find respondent guilty of neglecting to commence a divorce action for her from the date of his retainer in December 1988 through his discharge by Seror in June 1990 and neglecting to submit proposed orders in a related Family Court matter he handled for Seror (charge I, specifications 1 and 2) and of failing to respond to two letter inquiries from Seror for status reports and documentation of the Family Court matter (charge II, specifications 1 and 2). Respondent's neglect ultimately caused Seror to obtain another attorney to complete her divorce at additional cost to her. We note that respondent probably put in more time and effort on the Family Court matter for Seror than his $150 fee required. In addition, resolution of the Family Court matter may have contributed to delay in commencement of the divorce action and some friction developed between Seror and respondent over the course of the representation. Nevertheless, the repeated telephone messages left by Seror and her October 1989 meeting with respondent should have focused his attention and there appears to be no legitimate reason why he could not have completed the divorce matter. We grant petitioner's motion to confirm that portion of the report sustaining charge I, specification 1 and charge II, specifications 1 and 2 and grant petitioner's motion to disaffirm that portion of the report rejecting charge I, specification 2.

With respect to respondent's client Campbell (charge III, specifications 1 and 2), the Referee did not sustain the charge and we grant petitioner's motion to confirm that portion of the report and dismiss the charge.

With respect to respondent's client La Rose, we find respondent guilty of neglect of his divorce action (charge IV, specifications 1 through 6). Respondent's delays and inattention resulted in a motion for default judgment being declared abandoned by the court. As of the date of the November 1991 hearing before the Referee, the La Roses had still not obtained their divorce although Mark La Rose had originally retained respondent in September 1988. The issues of custody and equitable distribution certainly do not appear to have justified the delays that occurred. We grant petitioner's motion to confirm that portion of the report sustaining charge IV.

With respect to respondent's client Quevillion (charge V), we find that respondent attempted to withdraw from a representation that had become difficult and perhaps somewhat distasteful for him. His attempt, however, violated the ethical precepts for withdrawls set forth in Code of Professional Responsibility DR 2-110 (22 NYCRR 1200.15), designed to protect clients, and left Quevillion without legal representation until he secured new counsel. We grant petitioner's motion to confirm that portion of the report sustaining charge V.

With respect to respondent's client Valcik (charge VI, neglect of retainer to regain driver's license), we find that respondent failed to do anything substantive for his $350 fee which, to his credit, he did refund, albeit after Valcik complained to petitioner. We therefore grant petitioner's motion to disaffirm that portion of the report rejecting charge VI and find respondent guilty of the charged misconduct.

Finally, we find respondent guilty of failure to cooperate with petitioner as alleged in the four specifications of charge VII and grant petitioner's motion to confirm that portion of the report sustaining charge VII. Respondent proffers little or no excuse for his failure to cooperate. We note that respondent did make initial replies to petitioner and that his failure concerned requests for further information.

Respondent offers little to mitigate his misconduct. He states that he is a very busy sole practitioner and that client complaints and petitioner's inquiries simply added to his burden. However, neglect and failure to cooperate fully and promptly with petitioner are unacceptable responses to such pressures. He also claims the instant complaints represent only a tiny percentage of his clients.

Aggravating respondent's misconduct is his past disciplinary record for similar instances of neglect and failure to cooperate, including a letter of admonition in May 1992, an oral

admonishment in July 1990, and letters of caution in 1987 and 1979.

In view of the above and to deter similar misconduct and preserve the reputation of the Bar, we conclude that respondent should be suspended from the practice of law for a period of six months.

Mikoll, J. P., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report with respect to charge I, specification 1; charge II, charge III, charge IV, charge V, and charge VII, is hereby granted; petitioner's motion to disaffirm the Referee's report with respect to charge I, specification 2 and charge VI is hereby granted; respondent's motion to disaffirm portions of the Referee's report and/or to dismiss the report is hereby denied; charge III is hereby dismissed; and respondent is hereby found guilty of the professional misconduct charged and specified in charges I and II and IV through VII; and it is further ordered, that James C. Straney be and hereby is suspended from practice as an attorney and counselor at law in the State of New York for a period of six months, commencing October 23, 1992, and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) of this Court's rules (22 NYCRR 806.12 [b]) governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.