■ In the Matter of ANDREW M. PURITZ, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [625 NYS2d 101] —Per Curiam. Respondent was admitted to practice by this Court in June 1979. He maintains an office for the practice of law in the City of Oneonta, Otsego County.

Petitioner moves to confirm the Referee's report sustaining charges that respondent neglected legal matters, failed to respond to communications from and on behalf of his clients and third parties, failed to maintain appropriate client communications, and failed to cooperate with petitioner. Respondent does not object to confirmation of the report. We grant the motion to confirm the report and find respondent guilty of the professional misconduct charged and as specified in petitioner's proposed findings of fact.

The record reveals that respondent neglected and failed to conclude an uncontested divorce matter after his retainer in early 1989 despite a caution from petitioner pertaining to the matter in November 1991, a written admonishment in August 1992, and an oral admonishment in July 1993. He also failed to take appropriate action to conclude two other divorce matters and failed to respond to communications from those clients who had retained him in June 1992 and September 1993. Respondent failed to respond to numerous communications from a fourth divorce client. In addition, he failed to take appropriate action to effectuate the filing of a deed for one client and failed to file a hearing notice on another client's behalf for Social Security disability benefits. Moreover, he neglected to inform at least four of the above clients of the relocation of his law practice from St. Lawrence County to Otsego County in the fall of 1993. Finally, respondent failed to timely respond to inquiries from petitioner regarding the real estate matter and one of the divorce matters.

In mitigation, respondent cites a tumultuous, overly busy, stressful, and distracting family life during the period overlapping his misconduct, from about 1988 through the present. We note, however, that attorneys must attend to their clients' interests punctually and with vigor despite distracting and stressful intrusions from personal and family problems or

advise their clients of their option to obtain other counsel. Accordingly, we conclude that respondent should be suspended for a period of six months to deter similar misconduct, protect the public, and preserve the reputation of the Bar.

Cardona, P. J., Mercure, Crew III, White and Spain, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be and hereby is granted; and it is further ordered that respondent be and hereby is found guilty of the professional misconduct charged in the petition and as specified in petitioner's proposed findings of fact; and it is further ordered that respondent be and hereby is suspended for a period of six months, effective May 12, 1995; and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.