(September 23, 1996)

■ In the Matter of MICHAEL J. SEXTON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [647 NYS2d 587] —Per Curiam. Respondent was admitted to practice by the Appellate Division, First Department, in 1984. He maintained a solo law practice in the Albany area from 1991 until the fall of 1994, when the practice was dissolved. He is currently employed as vice president and counsel for an Albany area collection agency.

By petition dated September 5, 1995, and supplemental petition dated April 26, 1996, petitioner Committee on Professional Standards brought numerous charges of professional misconduct against respondent. After a hearing on the petition, the Referee issued a report sustaining some specifications and dismissing others. Petitioner and respondent have each moved to confirm the report in part and to disaffirm it in part. The supplemental petition was filed by petitioner pursuant to section 806.4 (c) of this Court's rules (22 NYCRR 806.4 [c]) following respondent's demand for same after his refusal to accept an oral admonition for alleged failure to cooperate with petitioner. Petitioner and respondent each move for summary judgment on the supplemental petition.

The petition alleges professional misconduct by respondent during 1993 and 1994, a very stressful period in his life. In addition to the failure of his law practice and deterioration of his personal finances, both his mother-in-law and father died of cancer. The stresses also affected his own physical and psychological well-being. While these circumstances mitigate his misconduct, we reiterate that attorneys must attend to their clients' interests punctually and with vigor despite distracting and stressful intrusions from personal and family problems or advise their clients of their option to obtain other counsel (*see, Matter of Puritz*, 214 AD2d 802). Likewise, such

intrusions do not excuse an attorney's obligation to promptly and fully cooperate with petitioner.

We find respondent guilty of the following professional misconduct.

As detailed under charge I of the petition, respondent neglected eight client matters. He failed to promptly prepare and forward a net worth statement in the Benvenuto divorce matter (specification 1); failed to effect prompt service and to complete a default divorce for client Bishop (specification 2); failed to commence a breach of contract action for client Clark (specification 3); failed to take proper action on behalf of his clients, the Hoxies, who were involved in a dispute with a gymnastics school that their daughter had attended (specification 6); failed to make a filing as immediately as expected in the Schoonmaker divorce matter (specification 9); neglected to commence a consumer fraud action on behalf of the Snyders (specification 10); failed to appear at a workers' compensation hearing for client Thomas or to obtain a confirmed adjournment of it (specification 11); and failed to complete Valverde's default divorce (specification 12). As set forth under charge II, he violated DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a]) by his failure to respond to phone calls from client Juliano (specification 5) and his failure to respond to communications from client Vorosmarty requesting a return of her file (specification 8). By his failure to provide client Benvenuto with an itemized statement of charges at least once every 60 days, respondent violated section 1400.3 of the joint rules of the Appellate Divisions (22 NYCRR 1400.3), as charged in specification 1 of charge IV. Respondent also engaged in professional misconduct, as detailed under charge V, by his delay in the refund of filing fees to three clients (Davis, the Hoxies, and the Snyders; specifications, 1, 2, and 3, respectively) and his delay in the return of files to two clients (the Snyders and Vorosmarty; specifications 3 and 6, respectively) and his failure to return client Thomas's file (specification 4). Finally, respondent failed to cooperate with petitioner by not responding to nine inquiry letters detailing separate client complaints until he received follow-up warning letters from petitioner in each of the nine matters. He also failed to respond to inquiry letters from the Albany County Bar Association in a matter referred to that organization by petitioner pursuant to section 806.6 of this Court's rules (22 NYCRR 806.6).

Respondent's motion for summary judgment on the supplemental petition is granted and it is dismissed based on respondent's explanation of the alleged failure to cooperate.

In view of all of the above, we conclude that respondent should be suspended from practice for a period of six months, in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar (*see, e.g., Matter of Puritz, supra; Matter of Straney*, 186 AD2d 315; *Matter of Winsor*, 183 AD2d 936).

Mikoll, J. P., White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the Referee's report be and hereby is confirmed except with respect to his finding of causation in specification 11 of charge I, his findings regarding the failure to respond to attorney Schlenker under specification 1 of charge II, and his findings under specification 2 of charge III; and it is further ordered that the following specifications and charge be and hereby are dismissed: specifications 4, 5, 7, 8, 13, 14, 15, 16 of charge I and that portion of specification 3 accusing respondent of failure to respond to interrogatories; specifications 1, 2, 3, 4, 6, 7, and 9 of charge II; charge III; specification 2 of charge IV; and specifications 5 and 7 of charge V; and it is further ordered that respondent be and hereby is found guilty of the professional misconduct set forth in the following specifications and charges: charge I as set forth in specifications 1, 2, 3 (only insofar as respondent failed to commence a breach of contract action), 6, 9, 10, 11, and 12; charge II as set forth in specifications 5 and 8; charge IV as set forth in specification 1 (only insofar as it alleges a violation of section 1400.3 [9] of this Court's rules [22 NYCRR 1400.3 (9)]); charge V as set forth in specifications 1, 2, 3, 4 and 6; and charge VI, as set forth in specifications 1 through 10; and it is further ordered that respondent's motion for summary judgment is granted and the supplemental petition be and hereby is dismissed; and it is further ordered that respondent be and hereby is suspended from practice for a period of six months, effective 30 days from the date of this order, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another of an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of suspended attorneys.