■ In the Matter of PATRICK H. COLLINS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [648 NYS2d 716] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1968. Prior to relocating to North Carolina in 1989, respondent practiced law for a number of years in St. Lawrence County.

By petition dated December 26, 1995, petitioner lodged five charges of professional misconduct against respondent. His answer denied the charges. By order dated August 30, 1996, petitioner's motion for an order declaring that no factual issues were raised by the pleadings was granted. Respondent did not reply to the motion and has not responded to an invitation to make a submission or appear at oral argument to be heard in mitigation. We find respondent guilty of professional misconduct as follows.

As charged and specified in charge I of the petition, respondent has failed to comply with the attorney registration requirements since at least December 1992.

As set forth in specification 1 of charge II, respondent engaged in a dual representation of two clients, Kuryliak and

Main, in 1985, in violation of the Code of Professional Responsibility DR 1-102 (A) (4) and (5) and DR 5-105 (22 NYCRR 1200.3 [a]; 1200.24). While suing Main on Kuryliak's behalf for alleged breach of a real estate contract, he also handled a routine matter for Main, without informing Kuryliak. As set forth in specification 2, in 1989 he neglectfully allowed the filing of a satisfaction of judgment on Main's behalf when the judgment, in Kuryliak's favor, had not been paid, in violation of DR 1-102 (A) (5) and DR 6-101 (A) (3) (22 NYCRR 1200.30 [a]). As set forth in specification 3, after he learned of the improper filing respondent did not notify his client, Kuryliak, or take steps to rectify the problem, in violation of DR 1-102 (A) (5), DR 6-101 (A) (3), and DR 7-101 (A) (1) (22 NYCRR 1200.32 [a]).

During the course of petitioner's investigation, once in a letter to petitioner and once under oath during an oral examination, respondent falsely told petitioner that he had resigned from the New York State Bar. He also falsely told petitioner in a letter that he first heard about the improper filing of the satisfaction of judgment in 1994 rather than in 1989 when he was notified about it by the St. Lawrence County Clerk's Office. These false statements, as charged and specified in charge III, violated DR 1-102 (A) (4) (5) and (8).

As charged and specified in charge IV, respondent failed to cooperate with petitioner, in violation of DR 1-102 (A) (5) and (8), by not responding to a request for more detailed information until petitioner sent him a warning letter and by not complying with petitioner's directive that he comply with the attorney registration requirements.

Finally, as charged and specified in charge V, respondent failed to maintain adequate books and records for a client trust account.

In view of all of the above, we conclude that respondent should be suspended from the practice of law for a period of six months, effective immediately (*see, e.g., Matter of Puritz*, 214 AD2d 802; *Matter of Straney*, 186 AD2d 315).

Mercure, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition, except insofar as specification 1 of charge II alleged violation of DR 6-101 (A) (3) and DR 7-101, specification 2 of charge II alleged violation of DR 1-102 (A) (4), DR 5-105, and DR 7-101, and specification 3 of charge II alleged violation of DR 1-102 (A) (4), DR 5-105, and provisions of DR 7-101 other than DR 7-101 (A) (1); and it is further ordered that respondent be and

hereby is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another of an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of suspended attorneys.