■ In the Matter of MATTHEW S. HOGAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [717 NYS2d 677] —Per Curiam. Respondent was admitted to practice by this Court in 1987 and maintains a law office in the City of Saratoga Springs.

Respondent has admitted to charges of misconduct concerning his handling of eight client matters. We therefore grant petitioner's motion for an order declaring that no factual issues are raised in this matter and we have heard respondent in mitigation (*see*, 22 NYCRR 806.5).

Respondent neglected matters entrusted to him by five

clients in violation of the attorney disciplinary rules (see, Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to have four domestic relations clients execute a written retainer agreement and sign a receipt for a Statement of Client's Rights and Responsibilities, and failed to bill the clients at least every 60 days (see, DR 2-106 [c] [2] [ii]; [f] [22 NYCRR 1200.11 (c) (2) (ii), (f)]; 22 NYCRR 1400.2, 1400.3); he also failed to communicate with four of the clients whose matters he neglected (see, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]). In addition, during a vehicle and traffic plea bargain negotiation with an Assistant District Attorney, respondent misrepresented that his client had a clean driver's license (see, DR 1-102 [a] [4], [5] [22 NYCRR 1200.3 (a) (4), (5)]). He further misled one of his clients as to the status of her divorce matter (see, DR 1-102 [a] [4], [5] [22 NYCRR 1200.3 (a) (4), (5)]), failed to execute a consent to change attorney form and deliver the client's file to the new attorney as requested (see, DR 9-102 [c] [4] [22 NYCRR 1200.46 (c) (4)]), attempted to mislead petitioner as to whether he had filed a notice of appeal on behalf of a client (see, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), and failed to cooperate with petitioner in its investigation of client inquiries (see, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).

In mitigation, we note respondent's expression of remorse, his pro bono legal work, and personal distractions during the relevant time period. In aggravation, petitioner reports that it has issued four letters of caution to respondent since 1993 and orally admonished him in 1998, all for misconduct similar to that charged.

In view of the above, we conclude that respondent should be suspended from practice for a period of six months (see, e.g., Matter of Straney, 186 AD2d 315).

Crew III, J. P., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is found guilty of professional misconduct as charged and specified in the petition; and it is further ordered that respondent is suspended from practice for a period of six months, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any

opinion as to the law or its application, or any advice in rela-
tion thereto; and it is further Ordered that respondent shall
comply with the provisions of this Court's rules (*see*, 22 NYCRR
806.9) regulating the conduct of suspended attorneys.