(August 17, 2001)

■ In the Matter of MATTHEW S. HOGAN, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [729 NYS2d 391] —Per Curiam. Respondent was admitted to practice by this Court in 1987 and maintained a law office in the City of Saratoga Springs, Saratoga County. By decision dated November 28, 2000, we suspended respondent from practice for a period of six months, a suspension which continues to date (*Matter of Hogan*, 277 AD2d 869).

As set forth in a supplemental petition of charges, we find that respondent neglected a client's vehicle and traffic matter, resulting in a suspension of her driver's license (*see*, Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to have a domestic relations client execute a written retainer agreement and sign a receipt for a Statement of Client's Rights and Responsibilities and failed to bill the client at least every 60 days (*see*, DR 2-106 [c] [2] [b]; [f] [22 NYCRR 1200.11 (c) (2) (ii); (f)]; 22 NYCRR part 1400), failed to communicate with a client who retained him in an estate matter (*see*, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failed to return the estate client's file to her as requested (*see*, DR 9-102 [c] [4] [22 NYCRR 1200.46 (c) (4)]), attempted to mislead and deceive petitioner with respect to bills he allegedly sent to two clients (*see*, DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]), and failed to cooperate with petitioner (*see*, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]). In accordance with such findings, we grant and deny the motions by petitioner and respondent to confirm and disaffirm, in part, the Referee's report.

The sustained charges are similar to those which led to respondent's current suspension from practice. The Referee

stated that respondent showed "an approach to the law that was sloppy, shoddy, shabby" and that he "evidenced a casual and cavalier attitude towards representation of various clients in serious matters." We are especially troubled by the attempt to mislead and deceive petitioner. Under the circumstances presented, we conclude that respondent should be suspended from practice for an additional period of six months, effective immediately. In addition, we deny respondent's motion to amend the prior order which suspended him to allow him to clerk at a law firm.

Crew III, J. P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in the supplemental petition under charge I, specification 2; charge II; charge III, specification 2; charge IV; charge VI; and charge VII; and the remaining charges and specifications are found not proven; and it is further ordered that the motion and cross motion to confirm and disaffirm in part the Referee's report are granted and denied accordingly; and it is further ordered that respondent is suspended from practice for an additional period of six months, effective immediately; and it is further ordered that respondent's motion to modify the prior order which suspended him from practice is denied; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (see, 22 NYCRR 806.9) regulating the conduct of suspended attorneys.