(January 20, 2004)

■ In the Matter of GERALD R. FORCIER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [770 NYS2d 664]—

Per Curiam. Respondent was admitted to practice by this Court in 1994. He maintained an office for the practice of law in the Town of Elizabethtown, Essex County.

Having granted petitioner's motion for a default judgment on a petition of charges and having heard respondent in mitigation, we now find that, in violation of the attorney disciplinary rules, respondent neglected several legal matters entrusted to him, failed to communicate with his clients, failed to comply with the attorney registration requirements and failed to cooperate with petitioner (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 6-101 [a] [3] [22 NYCRR 1200.3 (a) (5), (7); 1200.30 (a) (3)]). Respondent cites personal and family matters in mitigation. We reiterate that attorneys must attend to their clients' interests punctually and with vigor despite

distracting and stressful intrusions from personal and family problems or advise their clients of their option to obtain other counsel. Likewise, such intrusions do not excuse an attorney's obligation to promptly and fully cooperate with petitioner or with the attorney registration requirements (*see e.g. Matter of Sexton*, 231 AD2d 832 [1996]).

Under the circumstances presented, we order respondent's censure. We further direct respondent to (1) cooperate with petitioner in the prompt formulation of an order of restitution to the clients whose matters he neglected (*see* Judiciary Law § 90 [6-a]), which order petitioner shall submit for entry by this Court, (2) submit proof to petitioner of his compliance with the attorney registration requirements within 30 days of the date of this decision (*see* Judiciary Law § 468-a; 22 NYCRR part 118), (3) submit proof to petitioner of his application to the New York State Bar Association's Lawyer Assistance Program within 30 days of the date of this decision, and (4) submit proof to petitioner and this Court, within 60 days of the date of this decision, of the disposition of his application to the Lawyer Assistance Program, following which this Court may make a further order in the matter.

Mercure, J.P., Crew III, Spain, Rose and Kane, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is censured; and it is further ordered that respondent shall cooperate with petitioner and submit the proofs as directed by this decision.