Per Curiam.
Respondent was admitted to practice by this Court in 1987 and maintains an office for the practice of law in the City of Saratoga Springs, Saratoga County.
Petitioner moves to confirm a Referee’s report as to those charges and specifications that the Referee sustained and to dis-affirm the report as to those portions that the Referee did not sustain. Respondent moves to disaffirm the report as to the charges and specifications that were sustained.
We grant and deny the motions, each in part, in accordance with the findings of professional misconduct set forth in this decision and order. We find respondent guilty of neglect of his clients’ cases or otherwise being unprepared or incompetent in his representation and engaging in conduct adversely reflecting upon his fitness as a lawyer (see Code of Professional Responsibility DR 1-102 [a] [7]; DR 6-101 [a] [1], [2], [3] [22 NYCRR 1200.3 (a) (7); 1200.30 (a) (1), (2), (3)]), failure to communicate with his clients and opposing counsel (see Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failure to maintain an attorney escrow account (see Judiciary Law § 497; Code of Professional Responsibility DR 9-102 [b] [1] [22 NYCRR 1200.46 (b) (1)]), failure to provide a letter of engagement or enter into a retainer agreement with a client (see 22 NYCRR part 1215), charging a client an excessive fee (see Code of Professional Responsibility DR 2-106 [a] [22 NYCRR 1200.11 (a)]), and failure to cooperate with petitioner’s investigation (see Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).
Respondent was suspended from practice for six months in November 2000 (Matter of Hogan, 277 AD2d 869 [2000]), suspended for an additional six months in August 2001 (Matter of Hogan, 286 AD2d 546 [2001]), reinstated to practice in May 2002 (Matter of Hogan, 294 AD2d 707 [2002]), and has been orally admonished and issued four letters of caution by petitioner, all for conduct similar to that charged in this proceeding.
Despite having been repeatedly disciplined for similar misconduct, respondent’s conduct has not improved as evidenced by the current charges. Respondent has persistently demonstrated an apathetic and neglectful attitude towards representation of his clients in serious matters and has repeatedly brought discredit to the bar. In view of respondent’s continuing misconduct and disciplinary history, we conclude that to protect the public, deter similar misconduct, and preserve the reputation of the bar, respondent should be disbarred.
*889 Spain, J.E, Lahtinen, Kane, Malone Jr. and Stein, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in charge I, specifications 1, 2, 3, 6 and 7; charge II, specifications 2, 3, 4 and 5; charge III, specification 1; charge VI, specification 1; charge VII, specification 2; and charge VIII, specifications 1 and 2; of the petition; and it is further ordered that the motions to confirm and disaffirm the Referee’s report are each granted in part and denied in part in accordance with the findings of guilt set forth herein; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).